IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

IN RE: JESSE CURTIS VOSE

Debtor.

Case No: 3:25-bk-30712-SHB
Chapter 7

Mark Kresser )
        Plaintiff )
)
vs. )  Adv. Proc. No. 3:25-ap-03018-SHB
)
Jesse Curtis Vose )
        Debtor )
)

---

**NOTICE OF AMENDMENT OF PLAINTIFF'S COMPLAINT [Doc 1]**

---

Now comes Mark Kresser, a "creditor" in this matter, hereby making the following AMENDMENT to Plaintiff's Complaint to Determine Dischargeability [Doc 1] filed June 16, 2025 to correct specific errors and/or incomplete citations pursuant to the Federal Rules of Civil Procedure 15(1)(B). The amended data[1] is identified in red/underlined in the attached "Amended Complaint To Determine Dischargeability" pursuant to L.R. 7015-1:

**Page 1, ¶ 2 amended to read:**

This is an action under 11 U.S.C. § 523(4) [for fraud or defalcation while acting in a fiduciary capacity] for a determination excepting Plaintiff's debt from discharge; and further under the Federal Bankruptcy Rules of Bankruptcy Procedure 7001(f) for a determination that certain secured debts of Debtor, Jesse Curtis Vose, should *not* be discharged in his Chapter 7 bankruptcy.

---

[1]Plaintiff has not *deleted* anything from the Complaint. The amended data is *added* and appears in red

FILED
AUG 0 5 2025
U.S. BANKRUPTCY COURT
Knoxville, Tennessee

**Page 4, ¶ 11 is amended to read:**

Importantly, upon information and belief, Defendant received substantially less than a reasonably equivalent value in exchange for the transfer *and* was insolvent on the date that the transfer was made. At the same time, Defendant was attempting to retain access to the good will assets he transferred to an insider[4] [pursuant to 11 U.S.C. § 101(31)] while defrauding Plaintiff [Exhibit B, attached] which is actionable under 11 U.S.C. § 727(a)(7); all of which substantiate a fraudulent transfer that is subject to avoidance by the trustee 11 U.S. Code § 548 (a)(1)(A) and (B)(i) and (ii).

**Page 4, ¶ 12 amended to read:**

Importantly, as a "*secured*" creditor, the Plaintiff is entitled to have the amount still due and owing to Mark Kresser under the Agreement and the personal guarantee of Defendant Jesse Curtis Vose determined to be *non-dischargeable* in the Debtor's Chapter 7 bankruptcy pursuant to 11 U.S.C. § 727(a)(4)(A).

**Page 4, ¶ 13 is amended to read:**

The fact that Defendant Vose [only eleven (11) days before filing his bankruptcy case] hid the impact of the dissolution of the Vose entity from Plaintiff for his own personal gain *and* usurped the goodwill asset of the Agreement, while at the same time alleging his intention to pay Mark Kresser even though Defendant knew or should have known that his intention was to attempt to wipe away any debt he was obligated to pay Mark Kresser [See Exhibit F, attached hereto], the Debtor should not be permitted to discharge/avoid the debt pursuant to 11 U.S.C. § 523(4) [for fraud or defalcation while acting in a fiduciary capacity].

**Page 7, ¶ 20, the LAST line is amended to read:**

Jesse Curtis Vose (Debtor); and also pursuant to 11 U.S.C.A. § 727(a)(4)(A).

2

**Page 7, ¶ WHEREFORE section is amended to read:**

**WHEREFORE,** Plaintiff prays for entry of an Order which:

1. declares that all of the described secured debts as outlined in the Asset Purchase Agreement, Promissory Note and Guarantor Agreement [Doc 20-2], of whatever nature, owed by Jesse Curtis Vose to Mark Kresser, be Ordered as NON-DISCHARGABLE in this cause pursuant to: 11 U.S.C.A. § 727(a)(4)(A), (B), (C); 11 U.S.C. § 727(a)(7); 11 U.S.C. § 523(4); and Fed. R. Bky. P. 7001(f); and

2. declares that due to the fraudulent transfer acts of Debtor that Jesse Curtis Vose's petition for Chapter 7 relief be DISMISSED with prejudice pursuant to 11 U.S.C. § 727(a)(2)(A) and 11 U.S.C. § 523(4); or in the alternative

3. coverts Debtor's Chapter 7 of a Chapter 13 for bad faith pursuant to 11 U.S.C. § 706(a); or

4. approves the entry of a REAFFIRMATION agreement wherein Debtor will continue paying the debt owed to Mark Kresser that would otherwise be discharged in bankruptcy [absent this Court finding the transfer fraudulent or the debt "secured" rather than "unsecured"] pursuant to F.R.B.P. 4008.

5. grants such other and further relief as is just.

**Importantly,** the amendment[2] is necessary due to an oversight by *pro se* Plaintiff. Respectfully submitted this the 5th day of August, 2025.

Mark Kresser, *pro se*, Creditor
2907 Summit Trails Drive, Sevierville, TN 37862
305-335-0677 / markkresser@yahoo.com

---

[2] Plaintiff apologizes to this Honorable Court for the procedural error using a statement of errata instead of an amendment to add subparts of citations to the complaint and for any inconvenience it may have caused the Court or the other parties. Plaintiff's continues to strive to professionally appear *pro se* in this case.